# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TENNESSEE

RECEIVED

NOV 21 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

REV. DR. GERALD KINER,

Plaintiff,

v.                                              Case No. 2:25-cv-02987-MSN-tmp

CITY OF MEMPHIS;

MEMPHIS LIGHT, GAS & WATER DIVISION (MLGW);

JOHN DOES 1–10,

Defendants.

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE CITY OF MEMPHIS

Plaintiff Rev. Dr. Gerald Kiner ("Plaintiff"), proceeding pro se, respectfully moves this Court for entry of Default Judgment against the City of Memphis pursuant to Fed. R. Civ. P. 55(b).

This Motion is based strictly on (1) the docket, (2) Rule 8(b)(6), (3) Rule 55(a)–(b), and (4) Plaintiff's attached Affidavit establishing damages.

## I. INTRODUCTION

The City of Memphis was properly served, yet:

- filed no Answer,

- filed no Rule 12 motion,

- filed no Notice of Appearance, and

- has never appeared in this action in any capacity.

Under Rule 55(a), the City is in default.

Under Rule 8(b)(6), all allegations in the Complaint are admitted.

Default judgment is now mandatory, not discretionary.

## II. PROCEDURAL BASIS FOR DEFAULT JUDGMENT

### 1. Proper Service Was Completed

The City of Memphis was served through certified mail and/or process server at the legally designated address for service. Proof of service appears on the docket.

### 2. The City Failed to Plead or Otherwise Defend

More than 21 days have elapsed since service.

The City has filed:

- no Answer,

- no responsive pleading,

- no motion to dismiss,

- no appearance, and

- no request for extension.

### 3. Rule 55(a) Requires Entry of Default

Rule 55(a) requires the Clerk to enter default when a party has failed to plead or otherwise defend.

### 4. Rule 8(b)(6) Deems All Allegations Admitted

Because the City filed no Answer:

> All allegations... are admitted. — Fed. R. Civ. P. 8(b)(6)

This includes:

- antitrust violations,

- racketeering-related allegations,

- constitutional violations,

- fraud,

- procurement misconduct,

- damages, and

- causation.

These admitted facts now form the binding liability record.

## III. DAMAGES ARE ESTABLISHED BY AFFIDAVIT

Plaintiff has submitted a sworn Affidavit establishing:

- compensatory damages,

- economic loss,

- emotional distress,

- retaliation injuries, and

- public-harm multiplier damages,

totaling $1,000,000,000.

No contrary evidence exists.

No rebuttal exists.

No filing exists from the City at all.

Under Rule 55(b), the Court may enter judgment based on affidavit without a hearing.

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

**1. GRANT default judgment against the City of Memphis under Fed. R. Civ. P. 55(b).**

**2. FIND that all allegations in the Complaint are admitted under Fed. R. Civ. P. 8(b)(6).**

**3. ENTER judgment in the amount of $1,000,000,000**

based on Plaintiff's sworn Affidavit of Damages.

**4. ORDER any additional relief the Court deems necessary.**

Respectfully submitted,

X _/s/_____

Rev. Dr. Gerald Kiner

Pro Se Plaintiff

4400 Hickory Hill Road

Memphis, TN 38141

901-650-7340

geraldkiner@gmail.com

Date: _____

## CERTIFICATE OF SERVICE

I certify that on this 21 day of November 2025, I filed the foregoing Motion via CM/ECF, which serves all registered counsel of record.

Because the City of Memphis has no counsel of record, a copy has been mailed via U.S. Postal Service to the same address where the Complaint and Summons were originally served.

X_____

Rev. Dr. Gerald Kiner

Pro Se Plaintiff