**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

GERALD KINER, individually and )
on behalf of all similarly )
situated MLGW ratepayers, )
 )
    Plaintiff, )
 )
v. ) No. 25-cv-02987-BCL-tmp
 )
CITY OF MEMPHIS, MEMPHIS )
LIGHT, GAS & WATER DIVISION )
(MLGW), JOHN DOES (1-10), )
 )
    Defendants. )
 )

_____

**REPORT AND RECOMMENDATION**

_____

Before the court are *pro se* Plaintiff Gerald Kiner's Motion for Default Judgment Against the City (ECF No. 39), Motion for Determination of Liability Based on Default (ECF No. 53), and Motion for Entry of Default (ECF No. 60).[1] For the following reasons, the undersigned recommends that these motions be denied.

**I.   PROPOSED FINDINGS OF FACT**

The instant complaint was filed by Gerald Kiner on October 29, 2025. (ECF No. 1.) The complaint is over 36 pages long and includes another 100-plus pages of exhibits. (Id.) The complaint

_____

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

is difficult to understand, but as best as the court can tell, Kiner is attempting to bring a class action on behalf of all Memphis and Shelby County ratepayers and taxpayers "who have suffered financial injury from Defendants' ongoing fraudulent and unconstitutional conduct, including systematic overbilling, misuse of public funds, and concealment of fiscal irregularities within the City of Memphis and its division, Memphis Light, Gas & Water (MLGW)."[2] (ECF No. 10 at PageID 155.) Apparently, at least one of the primary actions being challenged by Kiner is MLGW's alleged overpayment for tree trimming services that Kiner claims caused the Memphis City Council to approve a 12% rate increase in December 2023. (ECF No. 1 at PageID 13-14). Kiner alleges that, "[a]s a direct result of Defendants' conduct, ratepayers began paying higher bills in January 2024 without commensurate service benefit." (Id. at PageID 15.) His claims are based on alleged violations of federal law involving Wire Fraud (Count 1), Mail Fraud (Count 2), the False Claims Act (Count 3), Theft or Bribery Concerning Programs Receiving Federal Funds (Count 4), Deprivation of Due Process under 42 U.S.C. § 1983 (Count 5), Conspiracy to Defraud the United States (Count 6), Bid Rigging and Price Fixing (Count 7), False Statements (Counts 8 and 17), Money Laundering

---

[2]The undersigned, in a separate report and recommendation, has recommended denying Kiner's Motion for Class Certification. (ECF No. 95.)

(Count 9), Honest Services Fraud (Counts 10 and 18), Civil RICO (Count 16), Misuse of Federal Transit Funds (Count 17), and Fraudulent Certification of Legislative Records (Count 19), as well as violations of various state laws (Counts 11 through 15). Kiner seeks, among other forms of relief, damages of "One Billion Dollars." (Id. at PageID 30.)

On November 19, 2025, MLGW timely filed a Motion to Dismiss for Failure to State a Claim. On November 21, 2025, the City filed a Motion for an Extension of Time to File Answer, in which it acknowledged that it was served with process on or about October 29, 2025, that the City did not timely file a responsive pleading by the November 19 deadline "due to inadvertent oversight," and requested an additional thirty days to respond to the complaint.[3] (ECF No. 47 at PageID 1; ECF No. 56.) Kiner opposed the Motion for an Extension of Time and filed a variety of motions seeking default and other forms of relief against the City based on the City's failure to timely respond to the complaint. On December 17, 2025, the City, instead of serving an Answer, filed a Motion to Dismiss. (ECF No. 79).

## II.  PROPOSED CONCLUSIONS OF LAW

Under Federal Rule of Civil Procedure 12(a), a defendant has twenty-one days after service of process is made in which to serve

---

[3]The Motion for Extension of Time was filed twice on the docket, but the motions are substantively identical.

a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Here, the City had until November 19, 2025, to serve its Answer, or in the alternative, a Motion to Dismiss. The City did not respond to the complaint by the November 19 deadline, but instead, two days later, filed its Motion for Extension of Time.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Entry of default by the Clerk must be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Default Judgment must be entered by the Clerk when the plaintiff files "an affidavit showing the amount due" and the claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In any other situation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Additionally, '[t]he entry of default is the first procedural step necessary in obtaining a default judgment.'" Meitzner v. City of Sterling Heights, No. 21-12169, 2022 WL 2239162, at *2 (E.D. Mich. June 22, 2022), aff'd sub nom. Meitzner v. City of Sterling Heights, MI, No. 22-1634, 2023 WL 5275100 (6th Cir. Mar. 29, 2023) (quoting McDonald v. De Kalb Fed. Sav. & Loan, 818 F.2d 31 (6th Cir. May 13, 1987)). Although a defendant against whom default has been entered may file a motion to set aside the default, "an answer or other opposition to a motion for default

- 4 -

may be treated as a motion to set aside entry of default." Midwest
Fam. Mut. Ins. Co. v. Day & Night Solar, LLC, No. 2:25-cv-02161,
2025 WL 3080787, at *7 (W.D. Tenn. Nov. 4, 2025) (quoting United
Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844
(6th Cir. 1983)).

Under Rule 55(c), "[t]he court may set aside an entry of
default for good cause." Fed. R. Civ. P. 55(c). "When a party moves
to set aside a default under Rule 55(c), courts consider the
following three factors to determine the outcome." Daniels v. City
of Detroit, No. 24-cv-11956, 2025 WL 2426373, at *4 (E.D. Mich.
Dec. 5, 2025) (citing Shepard Claims Serv., Inc. v. William Darrah
& Assocs., 796 F.2d 190, 192 (6th Cir. 1986)). "First, '[w]hether
the plaintiff will be prejudiced' by setting aside the default.
Second, '[w]hether the defendant has a meritorious defense.' And
third, '[w]hether culpable conduct of the defendant led to the
default.'" Id. (citing Shepard Claims Serv., 796 F.2d at 192
(internal citations omitted)). Further, "[a]lthough 'Rule
55(c) leaves to the discretion of the trial judge the decision
whether to set aside an entry of default,' '[t]rials on the merits
are favored in the federal courts,'" Id. (quoting Shepard Claims
Serv., 796 F.2d at 193; Berthelsen v. Kane, 907 F.2d 617, 620 (6th
Cir. 1990) (internal citations omitted)).

Although the Clerk did not enter default under Rule 55(a),
even if she had, the undersigned would find good cause under Rule

- 5 -

55(c) to excuse the City's untimely response to the complaint. First, Kiner has failed to show that the City's delay in responding to his complaint prejudices him in any way. The City filed its motion for a thirty-day extension only two days after the responsive pleading deadline expired, and by then, co-defendant MLGW (whose interests and defenses mirror those of the City) had already filed its own timely motion to dismiss, putting Kiner on notice of the opposition to the complaint. "Mere delay is not sufficiently prejudicial 'to require denial of a motion to set aside a default judgment.'" Daniels, 2025 WL 2426373, at *5 (quoting United Coin, 705 F.2d at 845). Second, the City has several meritorious defenses, as set forth in its Motion to Dismiss. Third, once the City discovered its oversight, it promptly filed the Motion for Extension of Time, and then filed the Motion to Dismiss within the requested thirty-day period. The undersigned therefore recommends that Kiner's Motion for Entry of Default, Motion for Default Judgment, and Motion for Determination of Liability Based on Default be denied.

## III. RECOMMENDATION

Based on the above, the undersigned recommends that Kiner's motions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

- 6 -

June 26, 2026
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**