**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

GERALD KINER, individually and    )
on behalf of all similarly        )
situated MLGW ratepayers,         )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    No. 25-cv-02987-BCL-tmp
                                  )
CITY OF MEMPHIS, MEMPHIS          )
LIGHT, GAS & WATER DIVISION       )
(MLGW), JOHN DOES (1-10),         )
                                  )
    Defendants.                   )
                                  )

_____

**ORDER GRANTING CITY OF MEMPHIS'S MOTIONS FOR EXTENSION OF TIME
AND MOTION TO STAY,
AND DENYING PLAINTIFF GERALD KINER'S MOTION TO STRIKE**

_____

Before the court are Defendant City of Memphis's Motions for Extension of Time (ECF Nos. 47, 56) and Motion to Stay (ECF No. 82), and *pro se* Plaintiff Gerald Kiner's Motion to Strike Defendant MLGW's Rule 12(b) Filing as a Nullity (ECF No. 42).[1]

The instant complaint was filed by Gerald Kiner on October 29, 2025. (ECF No. 1.) The complaint is over 36 pages long and includes another 100-plus pages of exhibits. (Id.) The complaint is difficult to understand, but as best as the court can tell,

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Kiner is attempting to bring a class action on behalf of all Memphis and Shelby County ratepayers and taxpayers "who have suffered financial injury from Defendants' ongoing fraudulent and unconstitutional conduct, including systematic overbilling, misuse of public funds, and concealment of fiscal irregularities within the City of Memphis and its division, Memphis Light, Gas & Water (MLGW)."[2] (ECF No. 10 at PageID 155.) Apparently, at least one of the primary actions being challenged by Kiner is MLGW's alleged overpayment for tree trimming services that Kiner claims caused the Memphis City Council to approve a 12% rate increase in December 2023. (ECF No. 1 at PageID 13-14). Kiner alleges that, "[a]s a direct result of Defendants' conduct, ratepayers began paying higher bills in January 2024 without commensurate service benefit." (Id. at PageID 15.) His claims are based on alleged violations of federal law involving Wire Fraud (Count 1), Mail Fraud (Count 2), the False Claims Act (Count 3), Theft or Bribery Concerning Programs Receiving Federal Funds (Count 4), Deprivation of Due Process under 42 U.S.C. § 1983 (Count 5), Conspiracy to Defraud the United States (Count 6), Bid Rigging and Price Fixing (Count 7), False Statements (Counts 8 and 17), Money Laundering (Count 9), Honest Services Fraud (Counts 10 and 18), Civil RICO

---

[2]The undersigned, in a separate report and recommendation, has recommended denying Kiner's Motion for Class Certification. (ECF No. 95.)

- 2 -

(Count 16), Misuse of Federal Transit Funds (Count 17), and Fraudulent Certification of Legislative Records (Count 19), as well as violations of various state laws (Counts 11 through 15). Kiner seeks, among other forms of relief, damages of "One Billion Dollars." (Id. at PageID 30.)

On November 19, 2025, MLGW timely filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 34.) On November 21, 2025, the City filed a Motion for an Extension of Time to File Answer, in which it acknowledged that it was served with process on or about October 29, 2025, that the City did not timely file a responsive pleading by the November 19 deadline "due to inadvertent oversight," and requested an additional thirty days to respond to the complaint. (ECF No. 47 at PageID 1; ECF No. 56.)[3] Kiner opposed the Motion for an Extension of Time and filed a variety of motions seeking default and other forms of relief against the City based on the City's failure to timely respond to the complaint. He also filed a Motion to Strike MLGW's Motion to Dismiss. (ECF No. 42). On December 17, 2025, instead of serving an Answer, the City filed a Motion to Dismiss. (ECF No. 79).

On June 26, 2026, the undersigned entered a report and recommendation on Kiner's motions seeking default and default judgment, recommending that those motions be denied. (ECF No. 100.)

---

[3]The Motion for Extension of Time was filed twice on the docket, but the motions are substantively identical.

For those same reasons, and for good cause shown, the court GRANTS the City's Motion for Extension of Time. The City's Motion to Dismiss will be deemed timely filed.

As for the City's Motion to Stay, the City argues that both defendants have filed Motions to Dismiss, which if granted, would result in the entire case being dismissed. The City also raises other grounds for granting a stay of this litigation until the Motions to Dismiss are resolved. "The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." B.E. Tech., LLC v. Sony Computer Ent. Am., LLC, Nos. 2:12-cv-2826-JPM-tmp, 2:12-cv-2827-JPM-tmp, 2:12-cv-2828-JMP-tmp, 2013 WL 524892, at *1 (W.D. Tenn. Feb. 11, 2013) (quoting Ellis v. Merck & Co., Inc., 06-1005-T/AN, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006)). "[W]hen considering a motion to stay discovery, 'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" JWM Memphis, LLC v. Terracon Consultants, Inc., No. 2:24-cv-02316-TLP-atc, 2024 WL 4919588, at *1 (W.D. Tenn. Nov. 6, 2024) (quoting Bowens v. Columbus Metro. Libr. Bd. of Trs., No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). While the fact that a party has filed a dispositive motion is not necessarily sufficient to stay discovery, see id. (quoting Bowens, 2010 WL 3719245, at *2), "entry of an order staying discovery pending

- 4 -

determination of dispositive motions is an appropriate exercise of the court's discretion," <u>Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.</u>, No. 1:21-CV-286, 2022 WL 20613653, at *2 (E.D. Tenn. June 7, 2022) (quotation omitted). "In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider, among other factors, whether the pending motion will dispose of the entire case, whether discovery is necessary to gather facts in order to defend against a dispositive motion, and whether the party seeking the discovery will be prejudiced by the delay." <u>Id.</u> (quoting <u>Allenberg Cotton Co. v. Staple Cotton Coop. Ass'n</u>, No. 06-cv-2449 B/P, 2006 WL 8443227, at *1 (W.D. Tenn. Dec. 22, 2006)). The court finds that all of these factors weigh in favor of staying discovery, as the dispositive motions are fully briefed and no party will be prejudiced by a discovery stay. While the court has serious concerns regarding Kiner's voluminous filings (most of which are procedurally improper), the court at this time is not inclined to impose a broader stay of this litigation, as requested by the City. However, the court may revisit this issue in the future should the need arise.

Finally, in Kiner's Motion to Strike, he argues that MLGW's Motion to Dismiss should be stricken because it is not a responsive pleading, and as a result, all of the allegations in his complaint must be deemed admitted. (ECF No. 42.) However, as MLGW correctly

argues in its response brief, Rule 12(b) expressly authorizes the filing of a Motion to Dismiss in lieu of an Answer. (ECF No. 64.) As for Kiner's argument that the Motion to Dismiss should be stricken because it is "redundant, immaterial, impertinent, and scandalous," this argument is plainly without merit. (ECF No. 42 at PageID 551.) While Kiner may disagree with the arguments raised in the Motion to Dismiss, his disagreement does not justify striking the motion. As for the remaining arguments raised in Kiner's motion to strike, those arguments are likewise plainly without merit. Therefore, the motion to strike is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 26, 2026
Date