**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Gerald Kiner,

    Plaintiff,

    v.                                 Case No. 2:25-cv-02987-BCL-tmp

City of Memphis, Memphis, Light Gas & Water
Division (MLGW), John Does (1-10),

    Defendants.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

Plaintiff filed a Motion for Default Judgment (Doc. 39), a Motion for Determination of Liability based on Default (Doc. 53), and a Motion for Entry of Default (Doc. 60). On June 26, 2026, Chief Magistrate Judge Tu Pham[1] issued a Report and Recommendation that these motions should be denied. Doc. 100. Plaintiff timely filed an objection. Doc. 108. Defendants did not file an objection. For the following reasons, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation (Doc. 100) in full.

### LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain motions. 28 U.S.C. § 636(b)(1)(B). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make

---

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* [A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In the same vein, the district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## ANALYSIS

Plaintiff asks this Court to "[d]ecline to adopt the Report and Recommendation" and "[r]ecommit the matter with instructions to apply the proper legal standard under Rule 6(b)(1)(B) and the Supreme Court's decision in *Pioneer*, or alternatively determine in the first instance whether the City satisfied that standard before denying Plaintiff's default-related motions." Doc. 108 at 6. In support of this argument, Plaintiff makes five objections, but none are persuasive. The Court addresses each in turn.

### I.    Excusable Neglect

Plaintiff's first and second objections relate to "excusable neglect" as discussed in Federal Rule of Civil Procedure 6(b)(1). Specifically, Plaintiff argues that "Rule 6(b)(1)(B) should have been addressed before considering whether default should later be excused under Rule 55(c)," and the Report failed to discuss whether the failure to timely respond by the City of Memphis occurred due to "excusable neglect" under the factors discussed in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 386 (1993). Doc. 108 at 1–2.

Although the Report discusses good cause, it did not need to specifically address "excusable neglect" because Federal Rule of Civil Procedure 55 does not so require. Good cause which supports an extension on a motion after time has expired is simply a separate consideration

2

from good cause which supports setting aside an entry of default or default judgment. *See, e.g.*, *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("[I]t is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)."). Plaintiff may not use this Report as a backdoor to attack how the Magistrate Judge addressed the considerations of Rule 6(b)(1) in another order (Doc. 101) to which Plaintiff could not object. This objection is **OVERRULED**.

In any event, the City demonstrated good cause under the Rule 6(b) standard, including for the reasons given by the Magistrate Judge, who addressed the considerations mentioned by Plaintiff. The Report correctly notes that (1) Plaintiff "failed to show that the City's delay in responding to his complaint prejudices him in any way," (2) the delay was for an "inadvertent oversight" (Doc. 47 at 1), (3) in control of the City, but (4) "it prompted filed" after only two days. *See* Doc. 100 at 6. Although good faith is not explicitly mentioned, the Court upon its own review finds that the City acted in good faith by acting quickly upon discovering its mistake. Thus, good cause was met even by Plaintiff's inapposite standard. This objection is **OVERRULED**.

## II.      Meritorious Defenses

Plaintiff's third objection argues the Report made a "generalized statement that 'several meritorious defenses' exist, without identifying or analyzing them, [which] does not permit Plaintiff or a reviewing court to understand the basis for the recommendation." Doc. 108 at 3. To clarify, the existence of meritorious defenses is simply another factor to consider when deciding whether to grant a party relief from entry of default. *See, e.g.*, *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citations omitted). And it is a low standard, asking only if a defense is "good at law"—not "whether [it] is likely to succeed on the merits." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011) (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d

3

318, 326 (6th Cir. 2010)). There is no requirement that the defenses be discussed in detail in determining that the lax governing standard is met. And Plaintiff has done nothing to show that the defenses here do not meet that lax governing standard. *See generally* Doc. 108. Finally, and independently, this objection would not succeed even assuming the defenses are utterly devoid of merit; as noted, this is just a single, non-controlling factor to be considered along with other considerations, and on the facts of this case default should be excused and any defenses can be adjudicated on their merits if and when appropriate, in keeping with the Sixth Circuit's strong preference for resolving cases on their merits. This objection is **OVERRULED**.

### III.    Inadvertent Oversight

Plaintiff's fourth objection is that the Magistrate Judge cites the City's prompt response to its "inadvertent oversight" as a factor in favor of finding good cause, but "the Report does not address whether that explanation, standing alone, satisfies the burden imposed by Rule 6(b)(1)(B)," nor goes into further detail on this oversight (i.e., how it occurred, why, who was responsible, etc.). Doc. 108 at 4.

Neither Rule 6 nor Rule 55 requires the sort of granularity Plaintiff demands—a detailed factual showing explaining how a promptly-corrected oversight occurred and pinning it on a particular employee. The Magistrate Judge was thus not required to address the lack of "any affidavit, declaration, or sworn factual submission." This objection is **OVERRULED**.

### IV.    Final Objection

Plaintiff's fifth objection is a restatement of his earlier points, and it is **OVERRULED** for the same reasons.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 100). The Motion for Default Judgment (Doc. 39), the Motion for Determination of Liability based on Default (Doc. 53), and the Motion for Entry of Default (Doc. 60) are **DENIED**.

**IT IS SO ORDERED**, this 20th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

5