**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

Gerald Kiner,

    Plaintiff,

    v.                                                     Case No. 2:25-cv-02987-BCL-tmp

City of Memphis, Memphis, Light Gas & Water
Division (MLGW), John Does (1-10),

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING MOTION FOR RECONSIDERATION**

Plaintiff has filed an *Ex Parte* Motion for Temporary Restraining Order (Doc. 13) and a

Motion for Summary Judgment (Doc. 26). Defendants have each filed a Motion to Dismiss (Docs.

34 & 79). On July 15, 2026, Chief Magistrate Judge Tu Pham[1] issued a Report and

Recommendation that Defendants' motions should be granted and Plaintiff's motions denied. Doc.

112. Plaintiff timely filed an objection. Doc. 119. Defendants did not file an objection. For the

following reasons, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Report

and Recommendation (Doc. 112) in full. The Court also **DENIES** Plaintiff's related Motion for

Reconsideration (Doc. 117).

**LEGAL STANDARD**

A United States District Court Judge may designate a United States Magistrate Judge to

submit proposed findings of fact and conclusions of law for disposition by the District Judge of

---

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

certain motions. 28 U.S.C. § 636(b)(1)(B). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* [A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In the same vein, the district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## BACKGROUND

No party objected to the Report's proposed findings of fact. The Court therefore **ADOPTS** and incorporates those proposed findings of fact.

## ANALYSIS

Plaintiff made ten objections to the Report and Recommendation, but none are persuasive. The Court addresses each in turn.

### I.   Combined Treatment of Plaintiff's Claims

Plaintiff's first objection to the Report is that "portions of the analysis are stated at a level of generality that does not fully explain why each separate count necessarily fails." Doc. 119 at 5. Upon review, the Court finds no error with any part of the Magistrate Judge's analysis. When the same reasoning properly applied to more than one claim, the Report was not required to repeat that explanation as to the failure of each individual count. This objection is **OVERRULED**.

### II.   RICO

Next, Plaintiff "objects to the Report's conclusion insofar as it assumes that naming municipal defendants necessarily defeats the RICO claim in its entirety," and "requests that the

2

District Court decline to adopt the Report's recommendation as to Count 16." Doc. 119 at 6–7. Plaintiff's argument appears to be that "[t]he proper analysis is defendant-specific and allegation-specific," because "the Complaint alleges a broader racketeering enterprise involving non-municipal participants whose conduct may support the predicate-act allegations." *Id.* at 6. However, Plaintiff's objection fails to explain how the actions of unnamed non-municipal actors resolve the issue when Defendants named here could not have joined or acted through any such actors with the requisite intent to garner RICO liability as an enterprise. This objection is **OVERRULED**.

### III.    Amendment of *qui tam* claims

Third, Plaintiff "objects to the Report's recommendation dismissing Plaintiff's False Claims Act claim," because "the Report does not fully address whether the factual allegations could support amendment, clarification, or reformulation of the claim if the present pleading is determined to be procedurally deficient." Doc. 119 at 7. Upon review, the Court finds Plaintiff cannot cure the deficiencies of the False Claims Act count because he has already transgressed key procedural steps outlined in the statute. *See* 31 U.S.C. § 3730(b). This objection is **OVERRULED**.

### IV.    Accrual of Section 1983 claims

Fourth, Plaintiff objects that "the Report concludes that accrual necessarily occurred on the effective date of the January 2024 rate increase without separately analyzing when Plaintiff knew or reasonably should have known of the alleged constitutional injury." Doc. 119 at 9. Plaintiff's Section 1983 claim is that "[b]y approving and enforcing a fraudulent 12% rate increase and diverting funds through mismanagement, Defendants deprived Plaintiff of property (money) without due process of law." Doc. 1 at 20. Because the statute of limitations for Section 1983 actions begins to toll "when plaintiff knows or has reason to know of the injury which is the basis

3

of his action," the Court looks "to what event should have alerted the typical lay person to protect his or her rights." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). Accordingly, Plaintiff's cause of action accrued when he was purportedly deprived of property without due process, i.e., when the rate increased by 12% in December 2023. Although Plaintiff objects that the "Complaint describe[d] the challenged rate structure as part of a multi-year course of governmental action," Doc. 119 at 9, the Report was correct to only address the December 2023 rate increase because Plaintiff has not alleged any other discernible Section 1983 claim, much less in a way that satisfies the governing pleading standard. This objection is **OVERRULED**.

## V.        Futility and Rule 15

Fifth and Sixth, Plaintiff "objects to the Report's recommendation that leave to amend [the federal claims] should be denied because amendment would be futile," Doc. 119 at 10, but—first in order of logic but not Plaintiff's presentation, also objects that "the Report correctly states that pro se pleadings are entitled to liberal construction but does not consistently apply that principle," *id.* at 12. Plaintiff requests that "the District Court conduct a de novo review of the Report's futility determination," *id.* at 11 and "independently consider whether the Complaint, liberally construed, states any claim upon which relief may be granted," *id.* at 13.

This objection fails for two reasons. *First*, it is wholly generic, effectively pointing to the complaint and stating that the magistrate judge got it wrong, without providing any concrete explanation or example. That does not suffice. *See Miller*, 50 F.3d at 380. *Second*, upon review, the Court finds no error with any part of the Magistrate Judge's analysis of the motions before him nor his assessment of the futility of Plaintiff's federal claims (nor, for that matter, of his recommendation that supplemental jurisdiction over Plaintiff's state law claims was properly

4

declined). Even considering the leniency granted to pro se litigants, the Complaint fails to state a claim upon which relief may be granted and presents claims for which amendment would be futile. These objections are **OVERRULED**.

### VI.    Defendant Specific Analysis

Seventh, Plaintiff objects that "the City of Memphis and Memphis Light, Gas & Water Division are frequently analyzed collectively without consistently addressing whether the same reasoning independently applies to each defendant." Doc. 119 at 13. Upon review, the Court finds no error with any part of the Magistrate Judge's analysis. None of the reasons for which Plaintiff's claims fail would change based upon the differences between these Defendants. This objection is **OVERRULED**.

### VII.    Supplemental jurisdiction

Eighth, Plaintiff "requests that any decision concerning supplemental jurisdiction remain contingent upon the Court's independent resolution of the foregoing objections." Doc. 119 at 15. Having already determined that the Magistrate Judge's analysis was proper, this objection is **OVERRULED**.

### VIII.    Plaintiff's factual allegations

Ninth, Plaintiff "requests that the District Court conduct an independent de novo review to determine whether the Rule 12(b)(6) standard has been applied with the precision required by *Twombly*, *Iqbal*, and their progeny." Doc. 119 at 16. Having already determined that the Magistrate Judge's analysis was proper, this objection is **OVERRULED**.

### IX.    Plaintiff's Objection and Motion for Reconsideration Related to Default

Lastly, Plaintiff requests that the Court "determine whether the denial of Plaintiff's default-related motions rests upon factual findings that are adequately supported by the existing record

and consistent with Rule 6(b)(1)(B)." Doc. 119 at 19. Much of Plaintiff's "objection" attempts to re-litigate what was already resolved by the Court's previous order (Doc. 114) adopting an earlier Report and Recommendation (Doc. 100). Those issues are not properly before this Court's review here and this objection is **OVERRULED**.

As to the Motion for Reconsideration and all related arguments brought here, the Court's discussion of good faith merely explained that even under the standard Plaintiff incorrectly desired to impose, extension was proper. The record undeniably reflects that two days after the deadline expired, Defendant City of Memphis promptly moved to file out of time. That evidenced Defendant's good faith, which would support extension even under Plaintiff's inapposite standard. Therefore, the Motion is **DENIED**.

**CONCLUSION**

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 112). The Motions to Dismiss (Docs. 34 & 79) are **GRANTED** while the *Ex Parte* Motion for Temporary Restraining Order (Doc. 13), Motion for Summary Judgment (Doc. 26), and Motion for Reconsideration (Doc. 117) are **DENIED**. This action is **DISMISSED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 30th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

6
